Ms. Beverly Bassett Arkansas Securities Department Heritage West Bldg. — Third Floor 201 East Markham Little Rock, AR 72201
Dear Ms. Bassett:
This office acknowledges receipt of your request for clarification of our Opinion No. 86-14 issued January 24, 1986. You ask:
 Whether Act 352 of 1977, as amended, (Act) requires the sellers of burial spaces to deduct the perpetual care fees attributable to each sales contract from the total purchase price of the sales contract and pay that amount into the perpetual care fund? If not, does the Act prohibit a permitted cemetery from charging the purchasers of burial spaces an appropriate perpetual care fee based on a percentage of the total purchase price of the burial space and adding that fee to the cost of the purchase contract for the burial space and collecting that fee separately from the purchase?
The Cemetery Act for Perpetually Maintained Cemeteries, Act 352 of 1977, as amended, compiled at Ark. Stat. Ann. 82-426.1 through 82-426.23 (1985 Cum. Supp.), provides for the establishment and maintenance of perpetual care cemeteries. The Act provides that each regulated cemetery establish a trust fund, the income of which can be used only for general maintenance, administration and preservation of the cemetery.
Ark. Stat. Ann. 82-846.14(A) provides:
 The permanent maintenance fund is hereby declared to be a trust fund for the purpose of administration, care and maintenance of the cemetery, including lots, graves, spaces, crypts, niches, burial rights or otherwise. The net income from the fund shall be paid to and be exclusively used and expended by the owners/managers or officers and directors of the cemetery company for the care and maintenance of the cemetery and for no other purpose.
Ark. Stat. Ann. 82-426.13(b) provides:
 Each cemetery company shall deposit not less than ten percent (10%) of the gross proceeds of each sale into such permanent maintenance fund . . .
These provisions do not specify whether the amount to be deposited to the permanent maintenance fund is to be paid by the seller or by the buyer. Thus, there is no prohibition from the cemetery passing this expense on to the buyer.
Following this analysis, the Act does not require the sellers of burial spaces to deduct the amount to be contributed to the perpetual maintenance fund from the total purchase price of the sales contract. The Act also does not prohibit a permitted cemetery from charging the purchasers of burial spaces an appropriate perpetual care fee based upon the percentage of the total purchase price of the burial space, adding that fee to the cost of the purchase contract, and collecting that fee separately from the purchase.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Arnold M. Jochums.